UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CARLOS COLE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:00-CR-3(01) RM |
| | ) | Civil No.  3:00-CV-613RM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Carlos Cole pleaded guilty to armed bank robbery in January 2000 and was sentenced on April 13, 2000 to a term of 104 months' imprisonment. In December 2000, the court denied Mr. Cole's petition filed pursuant to 28 U.S.C. § 2255, and the court of appeals affirmed the denial of that petition in June 2002. Cole v. United States, 2002 WL 1277123 (7th Cir. June 5, 2002).

Mr. Cole is now before the court requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Mr. Cole relies on the decision in United States v. Booker, 125 S. Ct. 738 (2005), to support his claim. According to Mr. Cole, because the Booker Court struck down the "mandatory application" of the sentencing guidelines and afforded judges the discretion to impose a lower sentence without regard to the "now advisory" guideline range, "all the guideline ranges have been subsequently lowered by virtue of the Booker decision." Mr. Cole's reliance on Booker in this regard is misplaced.

18 U.S.C. § 3582(c)(2) authorizes an inmate to file a motion to reduce a sentence based on an amendment to the guidelines by the Sentencing Commission, not based on new case law. Mr. Cole's argument that <u>United States v. Booker</u> lowered his guideline range cannot support his motion. In addition, if a substantive amendment to the guidelines isn't listed in U.S.S.G. § 1B1.10(c), the amendment isn't retroactive and can't form the basis for a motion pursuant to 18 U.S.C. § 3582(c)(2). Mr. Cole hasn't pointed to any amendment listed in §1BI.10(c) that applies to his sentence and so hasn't met the threshold requirement of having been sentenced "based on a sentencing range that has subsequently been lowered."[1] *See* <u>United States v. Lykes</u>, 73 F.3d 140, 143 (7th Cir.1995) (U.S.S.G. § 1B1.10 "comes into play when the amendment is enacted after the defendant is sentenced."); <u>Ebbole v. United States</u>, 8 F.3d 530, 539 (7th Cir. 1993) (if an amendment isn't listed in U.S.S.G. § 1B1.10, "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with [the] policy statement" of § 1B1.10).

Mr. Cole isn't entitled to the relief he seeks pursuant to 18 U.S.C. § 3582(c), and, accordingly, his motion for reduction of his sentence [docket # 60] is DENIED.

SO ORDERED.

---

[1] Mr. Cole was sentenced under the 1998 version of the Sentencing Guidelines. Since the imposition of his sentence, four amendments have been deemed to apply retroactively: Amendment 591 (relating to U.S.S.G. § 2D1.2), Amendment 599 (relating to U.S.S.G. § 2K2.4), Amendment 606 (relating to U.S.S.G. § 2D1.11(d)), and Amendment 657 (relating to U.S.S.G. § 2D1.1). None of the amended guidelines were applicable to the determination of Mr. Cole's sentence.

ENTERED:   May 1, 2006

　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court

cc:   C. Cole
　　　D. Schmid, K. Hayes